## THORNTON v. CAMPTON.

In proving the settlement of a pauper, evidence that the person from whom it is derived was in possession of a lot of land until he died, and that those who claim his title have since been in the undisturbed occupancy of it, is competent to show that he was the owner of it.

Copies of proceedings in the court of probate, preliminary to an administrator's sale, are competent, with the proof of his deed, to show that such a sale was made, for the purpose of showing that the title of the deceased passed to the subsequent occupants of the land.

To show that the defendant town admitted the settlement of the pauper, the acts and opinions of one of the selectmen are not competent evidence, without proof of his authority to act for the town.

ASSUMPSIT, to recover for expenses incurred in the support of Samuel Moulton, a pauper, alleged to have his settlement in Campton.

It appeared that the settlement of the pauper was derivative from his father, David Moulton, who, it was alleged, had acquired his settlement in Campton by residence and owning real estate to the value of $150, for four years, and paying all taxes assessed thereon.

The plaintiffs offered no direct evidence of title in David Moulton, but proved that as early as the year 1807 he took possession of a lot of land in Campton, then in a wild state ; and their evidence tended to show that the same was purchased, or agreed to be purchased, but no deed or other writing was produced. They also proved that he cleared a small portion of the land from year to year, erected a log house and hovel upon the same, and continued in open possession of said lot till his death, in 1815.

Various questions were put to the witnesses by both parties, to show the character and extent of the improvements made upon the land, the produce of the same, and the stock kept upon it by David.

Thornton *v.* Campton.

The plaintiffs offered copies (certified by the register of probate of this county), of the inventory and appraisal of the estate of David Moulton, both real and personal; the petition for the sale of the real estate by the administrator, since deceased; the license, and the deed from the administrator to the purchaser, under which the land has ever since been held; contending that the evidence was competent as tending to show that David Moulton had such an interest or estate in the land as would give him a settlement in Campton, should it be of the requisite value; to all which the defendants objected; but the same was received, subject to the exceptions.

It appeared that if David Moulton had not obtained a settlement in Campton, his settlement was in Ellsworth; and the plaintiffs offered to prove that in the year 1816 one of the selectmen of Ellsworth, after receiving information in some way, not distinctly recollected by him, that the town of Campton intended to seek indemnity from Ellsworth for assistance rendered the widow and minor child of said David, went to Campton, and, together with one of the selectmen of that town, examined into the settlement of said David, and the value of the lot of land, and that the town of Campton never after that called upon Ellsworth for assistance. All which was received, subject to the defendants' exceptions.

The defendants having afterwards endeavored to show that no expenses were incurred for the support of the widow and child of David Moulton during the time stated by the plaintiffs' witness, the plaintiffs were allowed to give in evidence from the defendants' books, under date of March, 1818, various items of expense incurred for the support of said widow and child, which, as the plaintiffs alleged, must have been during the time referred to by their witness; to which the defendants objected, but the evidence was received, subject to the defendants' exceptions.

In the course of the trial the defendants gave in evi-

dence a deed of the lot of land from I. Avery to David Moulton, dated February 10, 1810 ; and it appearing that said David was taxed for the same in 1809, 1810, 1811, 1812, 1813 and 1814, the taxes for 1814 having been abated, and no question made, but that the others were paid, the jury were instructed to inquire as to the value of the land for the four years next subsequent to February 10, 1810, to which neither party made objection.

The jury having returned a verdict for the plaintiffs, the defendants moved for a new trial.

*Bellows*, for the defendants.

*Wilcox*, for the plaintiffs.

WOODS, J.   On the trial of this cause it became necessary for the plaintiffs to show that the land for which David Moulton was taxed from the year 1809 till 1814, was his own.   To do this, it was proved that he took possession of it in 1807, and remained in the exclusive occupancy of it, or a part of it, until his death.   The plaintiffs further sought to prove that the land has, since that time, been held by persons who have claimed the title of Moulton.   There was also evidence that he took a deed of the land from Avery in 1810.

The evidence of the possession and the deed is such as would, if unanswered, have entitled him to a verdict in a writ of entry, and may, therefore, safely be held to be evidence to the point sought to be established, as showing a *primâ facie* title in Moulton.   But this is not an action for trying the title to land.   The parties are not supposed to be in the possession of the information, or of the documents necessary to enable them to enter into the contestation of such a point, and for that reason ought not to be restricted to the kind of evidence by which the title to real estate is ordinarily tried by parties claiming it.   The

fact that the land has, up to the present moment, been held by parties claiming it under David Moulton, is not conclusive evidence that he was the owner of it in 1810, and the stability of the title of the present occupants may be due to other causes than to the soundness of the title of David Moulton prior to the year 1814, or prior to 1810. The possession which he had, and the deed which he took from Avery, might have ripened into a perfect title in the time that has since elapsed, though at that time there might have been a better title in other parties, and no title but a mere naked seizin on the part of Moulton.

Yet the actual seizin of David Moulton and the undisturbed transmission of that seizin by an administrator's sale, after his decease, and the continued peaceable occupancy of the land under a claim of the Moulton title since, do certainly afford reasonable ground for supposing that there was something more than a naked possession in him, and that he had acquired, through channels that the present parties, who are mere strangers, have not discovered, the title that has actually been claimed and transmitted under him since. Such evidence is well calculated to repel the force of that which went to show that his original entry in 1807 was possibly under another party as tenant at will; or, if the acceptance of the deed in 1810 from Avery should seem to amount to a concession that the prior occupancy was under another title, it tends to confirm that title.

The evidence that was admitted to prove the transmission of Moulton's title, consisted of certified copies of proceedings in the court of probate. To this evidence there appears to be no objection. The records, properly certified, were competent evidence in favor of a party deriving a title directly through them. They were also competent to prove, in the cause of a stranger to the proceedings which they commemorate, the collateral facts which they contain. 1 Greenl. Ev., secs. 491–493, 527, a.

Thornton *v.* Campton.

The material fact to be shown was, not that a good and indefeasible conveyance was made, but that the title of David Moulton has been claimed since his decease by parties in possession, and that these parties have not claimed by another and. adverse title.

Evidence that the town of Campton had distinctly admitted its liability to support, as paupers, persons deriving their settlement from David Moulton, might, according to the decisions, be evidence of such liability. *Hopkinton* v. *Springfield*, 12 N. H. Rep. 328. But the transaction between a person who was a selectman of that town, and one who was a selectman of Ellsworth, was not properly admitted to qualify or account for the subsequent forbearance of Campton to claim an indemnity of Ellsworth for expenses subsequently incurred in rendering such support. There was no proof that the acts of these individuals were official, or that they had any authority to determine, by inspection of the records, or other investigation, the value of Moulton's estate, or any other fact affecting the liability of the town. The tendency of the evidence was to show that those two persons formed an opinion that Campton was liable. Evidence that any other parties met and formed such an opinion, or an opposite one, would be equally to the purpose.

By reason of the admission of this evidence the verdict must be set aside and a

*New trial granted.*